# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE A. ORTIZ, | ) | 1:12-cv-1033 LJO GSA |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |
| | ) | |
| v. | ) | (Document 5) |
| | ) | |
| GEORGIA PACIFIC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jose A. Ortiz is proceeding pro se in this civil action for employment discrimination. On July 9, 2012, Plaintiff filed a pleading entitled "Attorney Representation" (Doc. 5), wherein he asks the Court to appoint an attorney to represent him in this matter.

More particularly, Plaintiff's pleading indicates that he has contacted an unspecified number of attorneys about his case following receipt of the right to sue letters, however, none would offer to represent him unless he paid "$400.00 an hour up front." Plaintiff also indicates he was further hampered in his efforts because he is not current working, rather, he is recovering from surgery performed in December 2011. (Doc. 5 at 2.)

1    Title 28 of the United States Code section 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, "it is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust* Corp. (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994)). There is also no constitutional right to appointed counsel to pursue a Title 42 of the United States Code section 1983 claim. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *accord Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (discussing § 1915(d)); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel by the court is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d at 569.

In this case, as explained above, Plaintiff is not entitled to the assistance of counsel in his civil action.

Appointment of counsel may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court cannot require an attorney to represent Plaintiff. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. at 298. Rather, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the stage of the proceedings, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. *Terrell v. Brewer*, 935 F.2d at 1017. Morever, and significantly, this case does not appear to be particularly complex. Plaintiff's complaint asserts a

claim of employment discrimination in the form of sexual harassment by a coworker during the period between June 2010 and December 2011. (*See* Doc. 1.)

This Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, the case is not exceptional.

Accordingly, Plaintiff's request or motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **July 12, 2012**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

3