# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ORTIZ,<br><br>        Plaintiff,<br><br>   v.<br><br>GEORGIA PACIFIC,<br><br>        Defendant. | 1:12-cv-1033 LJO GSA<br><br>**ORDER DIRECTING CLERK TO ISSUE SUMMONSES AND NEW CASE DOCUMENTS** |

## PROCEDURAL HISTORY

Plaintiff Jose A. Ortiz is proceeding pro se in this civil action, having filed a complaint on June 26, 2012. (Doc. 1). Although Plaintiff sought to proceed in forma pauperis, his motions were denied. (Docs. 3 and 10). On July 13, 2012, the Court denied Plaintiff's motion to appoint counsel. (Doc. 7). On August 3, 2012, Plaintiff filed the required filing fee.

## SCREENING

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

1

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.*

The Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

Liberally construed, this Court finds that, for purposes of pro se screening, Plaintiff has sufficiently stated a cause of action for violations of Title 42 of the United States Code section

2000e. More specifically, Plaintiff contends that a coworker sexually harassed him, and that despite his reporting the inappropriate behavior by the coworker to his employer, the behavior continued. Plaintiff also contends that when he refused to work overtime, his employer retaliated by suspending him improperly.

## JURISDICTION

In his Complaint, Plaintiff contends jurisdiction arises under Title 42 of the United States Code section 2000e-5. (Doc. 1 at 1.) More properly however, jurisdiction arises pursuant to section 1331 of Title 28, because Plaintiff's claim presents a federal question.

## ORDER

For the foregoing reasons, the Clerk of the Court is directed to issue summons and new case documents. Plaintiff is directed to serve the Defendant with the summons and his complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: **August 10, 2012**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE